UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KENTE BARKER,           )
   Plaintiff,           )          CASE NO:   1:24-cv-01852-SEB-MJD
                                    )
v.                      )
                                    )
LEGACY INDIANA,         )
STEVEN LEE BAKER,       )
   Defendants.          )

FILED
OCT 18 2024
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

**COMPLAINT AND JURY DEMAND**

Kente Barker, pro-se, files this complaint against Legacy Indiana and Steven Lee Baker; allege as follows:

**INTRODUCTION**

1. This claim is a violation of Title III, Americans with Disabilities Act, under 42 U.S.C. 12181-12189; by the defendants Legacy Indiana LLC and Steven Lee Baker, whom address is, 10795 Greenbriar Dr. Fishers, Indiana, 46037. They provided an unhealthy

1

and unsafe environment, and were prejudice towards Kente Barker when they denied him access to their leased out mechanic business building.

## JURISDICTION AND VENUE

2. This action is brought pursuant to Title III, of the Americans with Disabilities Act, 42 U.S.C. 12181-12189. This court has jurisdiction pursuant to 28 U.S.C. 1331, venue is proper in this district under 28 U.S.C. 1391(b) because a substantial part of the events give rise to the claims and asserted in this complaint occurred in this judicial district.

## PARTIES

3. Kente Barker, is the Plaintiff in this case. His address is 2725 N. Parker Ave., Indianapolis, In. 46218. His Phone No. 317-4921931. His Email- kente.barker@icloud.com. He is a Plaintiff that was and will continue to be injured by the defendant's actions. He is at risk now and in the future, of being subjected to the unlawful, discrimination as a handicapped/disabled person in this actions.

4. Legacy Indiana, LLC, located at 10795 Greenbriar Dr. Fishers, Indiana, 46037, is being sued in its official capacity.

5. Defendants Steven Lee Baker, Owner and Registered Agent of Legacy Indiana, LLC, located at 10795 Greenbriar Dr. Fishers, Indiana, 46037, is being sued in his personal and official capacity.

**Statement of Claims**

6. On September 2, 2024, I had my Chrysler 300 delivered to Shadeland Auto Supply, 3402 N. Shadeland Ave. Indianapolis, In. 46226, to DBS Automotive Services LLC.

7. My Chrysler 300 had to be delivered to the back of the building, which was the only access to Mr. DBs rented bay.

8. Legacy Indiana LLC owns the building that a multitude of mechanics lease from them.

9. There are 7 bays that are potentially leased to mechanics.

10. DBs Automotive rents out a bay, within a large building of other bays that are leased to other businesses, from Legacy Indiana LLC and Steven Lee Baker.

11. I have done business with the Shadeland Auto Supply Mechanic Shop and will continue too. It is a 2-mile drive from my home, which makes it close to my home.

12. I have had three vehicles serviced there in the last year.

13. Around February of 2023, I was diagnosed with Stage 4 Neuroendocrine Metastatic Carcinoma Cancer.

14. I'm currently undergoing Radiation and Chemo treatment.

15. I have many side effects from my treatment, such a constant urges to use the restroom, dizzy spells, nausea, weakness, and pain thru out my body.

16. I have Edema in my legs and ankles, along with swelling.

17. I can only walk short distances before feeling exhausted, due to the radiation and chemo injections.

18. I have swollen blood vessels in my back which cause extreme back pain.

19. I constantly have short term memory loss throughout the day.

20. I'm considered disabled by the State of Indiana and the Federal Government.

21. I get disability Social Security Income.

22. I also have a Disabled placard on my vehicle.

23. On September 2, 2024, I noticed there was no access to handicapped parking nor any signage.

24. The parking lot was filled with all kinds of cracks, holes, concrete blocks in several places, loose slabs of concrete, that is hazardous while traveling on the property.

25. There are tires laying around, car engines in the front entry way, heavy duty jacks and tools laying on the ground, cutting off access to the other shops, and the entry into the lobby.

26. There are tires laying around, heavy duty jacks and tools laying on the ground, cutting off access to the main entrance door.

27. There are hazardous trash cans, buckets all around the building blocking access to different bays.

28. There are loose bricks and shelving around the front entry of the building that is hazardous.

29. On Thursday October 10, 2024, there was a Vehicle blocking the front entry door.

30. The front entry door does not have a ramp for handicapped accessibility.

31. On October,10 2024, That same entry door has a poorly marked handicapped blue line painted on the ground, that was utilized by a non handicapped posted vehicle.

32. That same day there was a side entry door that does not have a handicap ramp, and it was also blocked by tools and outside shelving.

33. There was no handicap signs posted around the handicap parking spaces.

34. There be loose signs laying up against the building that creates hazardous conditions for me.

35. The entry door handles are old and too hard to open for entry.

36. Their lobby desk do not meet the standard for the (ADA) requirements. It's too tall and narrow.

37. The walls are unfinished in the lobby, as if the building is under construction.

38. The lobby seating is not handicap accessible under the (ADA) requirements. Their not secured to the floor.

39. While visiting this facility I asked to use the restroom on multiple occasions and was denied. I was told that there was no restroom by the Owners of DBS Automotive Services.

38. I was in pain having to hold my urine.

39. I had to relieve myself on the side of the trash can outside in the back of the facility.

40. On another occasion I had to urinate outside while at the Shadeland Auto Supply on the side of the trash can. I had defecated on myself while trying to urinate, while doing business at the Shadeland Auto Supply.

41. On several other stops to this business, I also asked the other employees around the building for access to the restroom.

42. On one of my many stops of doing business with DBS Automotive Services, I learned that there was a restroom in the front entry of the building that I was allowed access to.

43. That restroom was not in compliance with the (ADA) requirements, such as, the improper toilet, no railing to grab onto, sink heights, door kick panels, etc.

44. On several raining days I had to track into the back of the facility to make contact with DB, "subcontract bay leasee", owner of one of the mechanic bays, whom I dropped my Chrysler 300 for an engine install.

45. Around September the 5th, 2024, it had rained, and I stumbled and fell in the back of that property, due to the rain puddles and uneven rocks, craters, concrete back there, which is a hazardous and unsafe environment. This fall caused induced pain to my back and legs.

46. Barker was made to stand near old oil dump canister that were flammable and hazardous, to his health.

47. The buildings rear emergency exits are blocked.

48. The Shadeland Auto supply, does not ensure physical accessibility to all customers.

49. The Shadeland Auto supply, does not implement the 2010 Standards for Accessible Design.

50. The Shadeland Auto supply, does not regularly update accessibility features in response to changing laws and technology.

51. Barker has plans to continue to use the business at 3402 Shadeland Ave., Indianapolis, Ind. 46226, to have engine and front suspension work performed on his 2006 GMC Denali soon.

52. The Shadeland Auto supply, building looks to be in rough condition since being purchased and will not be getting any upgrades soon.

53. The Shadeland Auto supply, building presents a clear and immediate hazard, threat to Barker's health, disabilities, and to others similarly situated as himself.

## LEGAL CLAIMS

54. In blatant disregard of Title III of the Americans with Disabilities Act, 42 U.S.C. 1218-12189, the defendants has caused Barker physical pain and mental suffering, when Barker was forced to hold his urine on multiple occasions, urinate outside and defecated on himself in that process; denied Barker access to their services,

created hazardous conditions, unsafe and unhealthy environment, and discriminated against him.

55. In blatant disregard of Title III of the Americans with Disabilities Act, 42 U.S.C. 1218-12189, the defendants have caused Barker physical pain and mental suffering, when Barker fell on their property due to the flooded craters on the ground that was filled with water in the rear of the building.

56. In blatant disregard of Title III of the Americans with Disabilities Act, 42 U.S.C. 12181-12189, Barker had to stand up the entire time while visiting the facility, causing him back and leg pains; The Legacy Indiana does not allow access to the lobby for seating. Barker was in pain while standing for at least a half hour on several occasions, while conducting business with DBs Automotive. The defendants denied Barker access to their services, and created hazardous conditions, unsafe and unhealthy environment, and discriminated against him.

57. In blatant disregard of Title III of the Americans Disabilities Act, 42 U.S.C. 12181-12189, Barker was denied access to handicapped

parking while doing business with DBs Automotive. Barker had to park in the rear, around all kinds of hazardous conditions, and unsafe environment. The defendants denied Barker access to their services, and created hazardous conditions, unsafe and unhealthy environment, and discriminated against him.

58. In blatant disregard of Title III of the Americans Disabilities Act, 42 U.S.C. 12181-12189, Barker was denied access to handicapped parking while doing business with Panther tire LLc. and Eduardo Villanueva tire repair shop. Barker had to park in the front of the building, around all kinds of hazardous conditions, and unsafe environment. The defendants denied Barker access to their services, and created hazardous conditions, unsafe and unhealthy environment, and discriminated against him.

59. In blatant disregard of the (ADA) 12181-12189, Barker requests this court to declare such procedures unlawful and stop them from being used against Barker and all Disabled peoples in the future, by the defendants.

**60.** All Defendants has denied Barker his rights to access under, Title III, of the Americans with Disabilities Act, 42 U.S.C. 12181-12189, and will continue to in the future.

### RELIEF REQUESTED

1. Issue a order certifying a Declaratory Judgement be declared against the Defendants, setting forth that they are in violation of the Americans with Disabilities Act 12181-12189 for; denying Barker and all disabled peoples access to their services, restrooms, seating, handicapped parking, and a safe and healthy environment.

2. Enter a Preliminary Injunction against the Defendants, adjudging and declaring that they are in violation of the Americans with Disabilities Act 12181-12189, and must make all corrections and come into compliance with the federal law; and to assure Barker that this property is in compliance with the (ADA), so that Barker and others similarly situated will have full and equal enjoyment of the property without fear of their health and safety being compromised, and being without discrimination.

3. Preliminarily and permanently enjoin the Defendants, their agents, employees, and all persons under their control from denying Barker access to their business, without prejudice.

4. Retain jurisdiction of this case until such time as the Defendants have fully complied with all orders of the court, and there is a reasonable assurance that the Defendants will continue to comply in the future with these orders.

## DAMAGES

5. Compensatory damages: Award Barker with $100,000 dollars for his pain and suffering; due to the defendants deliberate, reckless disregard of the American with Disability Act 12181-12189.

6. Punitive damages: Award Barker with Punitive damages in the amount of $20,000 against both Legacy Indiana LLC and Steven Lee Baker, for intentionally inflicting pain and suffering upon Barker, and denying him his rights under the American with Disabilities Act.

7. Issue an Order for the defendants to pay all court fees and costs.

8. Award all other relief that the court deems necessary.

Date: 10/16/24

Respectfully Submitted,

*[signature]*

Kente Barker

2725 N. Parker Ave.

Indianapolis, In. 46218

## CERTIFICATION OF CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.

I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 10/18/24

Respectfully Submitted,

*[signature]*

Kente Barker

2725 N. Parker Ave.

Indianapolis, In. 46218\